## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| NUVECTRA CORPORATION,[1] | § | Case No. 19-43090 |
| | § | |
| Debtor. | § | |

### ORDER (I) APPROVING BID AND AUCTION PROCEDURES, INCLUDING STALKING HORSE PROTECTIONS; (II) AUTHORIZING AND SCHEDULING AN AUCTION FOR THE SALE OF ASSETS; (III) APPROVING THE SALE OF ASSETS; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the *Expedited Motion for an Order (I) Approving Bid and Auction Procedures, Including Stalking Horse Protections; (II) Authorizing and Scheduling an Auction for the Sale of Assets; (III) Approving the Sale of Assets; and (IV) Granting Related Relief* ("the Motion"),[2] which was filed by the above-referenced debtor and debtor in possession (the "Debtor") and as more fully set forth in the Motion, this Court finds that it has jurisdiction over this matter pursuant to 28 U. S. C. §§ 157 and 1334; that consideration of the Motion is a core proceeding pursuant to 28 U. S. C. § 157(b); that venue is proper before this Court pursuant to 28 U. S. C. §§ 1408 and 1409; that due and proper notice of the Motion has been provided to the necessary parties; that no other or further notice need be provided; that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; that the Debtor has established just cause for the relief requested in the Motion; and that, upon all of the proceedings

---

[1]The last four digits of the Debtor's federal tax identification number are: 3847. The location of the Debtor's principal place of business and the service address for the Debtor is: 5830 Granite Parkway, Suite 1100, Plano, TX 75024.

[2]All capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

had before the Court (the "Bidding Procedures Hearing") and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

I. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief granted herein are sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtor and its respective estate, creditors, and all other parties-in-interest.

III. The notice of the Motion, the Bidding Procedures Hearing, and the proposed entry of this Order was adequate and sufficient under the circumstances of this Chapter 11 Case, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion, the Bidding Procedures Hearing, or this Bidding Procedures Order is necessary or required.

IV. The Debtor has demonstrated a compelling and sound business justification for the Court to grant the relief requested in the Motion, including, without limitation, to (a) approve the Bidding Procedures; (b) establish the Assumption and Assignment Procedures; (c) approve the form and manner of notice of all procedures, protections, schedules, and agreements described in the Motion and attached thereto; (d) schedule a date for the (i) Auction and (ii) Sale Hearing; and (e) grant related relief as set forth herein. Such compelling and sound business justification, which was set forth in the Motion and on the record at the Bidding Procedures Hearing, are incorporated

herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

V. The Bidding Procedures, substantially in the form attached to the Motion as **Exhibit B** and incorporated herein by reference as if fully set forth in this Order, are fair, reasonable, and appropriate and represent the best method for maximizing the value of the Debtor's estate.

VI. The Sale Notice, substantially in the form attached to the Motion as **Exhibit C** and incorporated herein by reference as if fully set forth in this Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of Assets, including the sale of Assets free and clear of all liens, claims, and encumbrances, the Sale, the Bidding Procedures, the Auction, and the Sale Hearing, and no other or further notice is required.

VII. The Post-Auction Notice, substantially in the form attached to the Motion as **Exhibit D** and incorporated herein by reference as if fully set forth in this Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Successful Bidder, and no other or further notice is required.

VIII. The Notice of Proposed Cure Costs, substantially in the form attached to the Motion as **Exhibit E** and incorporated herein by reference as if fully set forth in this Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of the Contracts in connection with the sale of the Assets and the related Cure Costs, and no other or further notice is required.

IX. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are

adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.[3] All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

**A.  The Timeline for the Sale**

2. The Debtor is authorized to proceed with the Sale in accordance with the Bidding Procedures and is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| **Date** | **Event** |
|---|---|
| Three days after entry of the Order | Deadline to serve Sale Notice |
| Three days after entry of the Order | Deadline to file Notice of Proposed Cure Costs |
| February 7, 2020 | Deadline to select Stalking Horse Bidder |
| February 24, 2020 | Bid Deadline |
| February 27, 2020 | Auction |
| February 28, 2020 | File Notice of Sale |
| March 2, 2020 | Objection Deadline |
| March 5, 2020 | Reply Deadline |
| March 6, 2020 | Sale Hearing |
| March 19, 2020 | Closing |

3. The Debtor reserves the right, and is authorized, to modify the above timeline and the Bidding Procedures in accordance with the provisions of the Bidding Procedures.

**B.  The Bidding Procedures**

4. The Bidding Procedures are approved in their entirety. The Debtor is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures

---

[3] Notwithstanding anything to the contrary herein, the consummation of any Sale Transaction is subject to the entry of the Sale Order.

in accordance therewith.  The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

5.  The Debtor is authorized, in accordance with the Bidding Procedures, to request that Diligence Parties (as defined in the Bidding Procedures) provide a preliminary and non-binding written indication of interest, which shall set forth: (a) the assets to be purchased; (b) the nature of the proposed Sale Transaction; (c) the cash portion of the contemplated purchase price; and (d) to the extent reasonably practicable, the material terms of the Sale Transaction and any additional due diligence that needs to be completed to formalize a Bid.

6.  The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate, and designed to maximize recoveries for the benefit of the Debtor's estate, creditors, and other parties-in-interest.

7.  A Stalking Horse Bidder (to the extent one is selected by the Debtor) must execute an unconditional Stalking Horse purchase agreement on or before February 7, 2020 in order to receive Stalking Horse Protections[4] without further notice or order from this Court.

8.  As further described in the Bidding Procedures, the Bid Deadline shall be February 24, 2020 at 5:00 p.m. (prevailing Central Time).  Any disputes or objections to the selection of Qualified Bid(s), Successful Bid, or Backup Bids (all as defined in the Bidding Procedures) shall be resolved by this Court at the Sale Hearing as set forth herein.

---

[4] The Stalking Horse Protections consist of (a) reimbursement of the Stalking Horse Bidder's documented reasonable out-of-pocket fees, costs, disbursements, and expenses incurred in connection with the Sale Transaction contemplated by its Bid through the date of such termination, subject to an aggregate cap of $250,000 for all of the Assets and (b) cash payment of a break-up fee in an amount equal to 3.0% of the cash purchase price set forth in the Stalking Horse Bid.

9. The Debtor is authorized to conduct the Auction in accordance with the Bidding Procedures. The Auction shall take place on February 27, 2020 at 10:00 a.m. (prevailing Central Time) at the offices of counsel for the Debtor, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201, or such other place and time as determined by the Debtor.

**C.    Notice Procedures**

10. The form of Sale Notice substantially in the form attached to the Motion as **Exhibit C** is approved.

11. Within three (3) business days after the entry of the Order or as soon as reasonably practicable thereafter, the Debtor shall serve the Sale Notice, this Bidding Procedures Order, and the Bidding Procedures by first-class mail, postage prepaid, upon (a) all parties that have been identified by the Debtor in good faith prior to the entry of the Bidding Procedures Order as having the interest and ability to acquire all or part of the Assets; (b) all entities known to have asserted any liens, claims, interests, and encumbrances in or upon any of the Assets; and (c) the U.S. Trustee; *provided, however*, that to the extent email addresses are available for any of the foregoing parties, such parties may be served by email.

12. In addition, within three (3) business days after the entry of this Bidding Procedures Order or as soon as reasonably practicable thereafter, the Debtor shall serve the Sale Notice by first-class mail, postage prepaid or, for those parties who have consented to receive notice by ECF, upon (a) the United States Internal Revenue Service; (b) all parties filing a notice of appearance and requesting service the Chapter 11 Case; (c) all state and local taxing authorities in the states in which the Debtor has tax liabilities; (d) the United States Securities and Exchange Commission; (e) all counterparties to executory contracts and unexpired leases of the Debtor; (f) all state attorneys general in states in which the Debtor conducts business; and (g) all other parties on the

Debtor's mailing matrix (including the Stalking Horse Bidder). The Debtor requests that such notice be deemed sufficient and proper notice of the Sale with respect to known interested parties.

13. Additionally, the Debtor will prepare and file a Form 8-K (affixing the Bidding Procedures and Bidding Procedures Order to the Form 8-K) with the United States Securities Exchange Commission to notify the Debtor's shareholders of the Debtor's sales process.

14. Notice by mail to all parties potentially interested in purchasing the Assets or participating in the Auction is impracticable. As a result, pursuant to Bankruptcy Rules 2002 and 6004, the Debtor requests authority to publish a version of the Sale Notice modified for publication in a national publication selected by the Debtor and its advisors on one occasion as soon as reasonably practicable and will cause the Sale Notice to be posted on the Debtor's case information website at www.kccllc.net/nuvectra (the "Case Website").

15. The form of the Post-Auction Notice, substantially in the form attached to the Motion as **Exhibit D**, is approved. As soon as reasonably practicable after the conclusion of the Auction, the Debtor shall file on the docket, but not serve, the Post-Auction Notice identifying any Successful Bidder. Furthermore, the Debtor will also file a Form 8-K which will attach the Post-Auction Notice to notify its shareholders.

**D.    Assumption and Assignment Procedures**

16. The Assumption and Assignment Procedures, as detailed in the Motion and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are approved.

17. The Notice of Proposed Cure Costs, substantially in the form attached to the Motion as **Exhibit E**, is approved.

18. Within three (3) days after the entry of the Bidding Procedures Order or as soon as reasonably practicable thereafter (any such date, the "Cure Cost Service Date"), the Debtor shall

file with the Court, and post on the Case Website at www.kccllc.net/nuvectra, the Contracts List. If no Cure Cost is listed on the Contracts List, the Debtor believes that there is no Cure Cost, as of the date of such notice. On the Cure Cost Service Date, the Debtor shall serve, via first-class mail, a customized version of the Notice of Proposed Cure Costs that contains the Contract Instructions and Necessary Notice Information (but not the Contracts List) on all counterparties to the Contracts. In addition, the Debtor shall serve, via first-class mail, a modified version of the Notice of Proposed Cure Costs that contains the Contract Instructions and Necessary Notice Information but omits the Contracts List on all parties required by Bankruptcy Rule 2002. Service of such Notice of Proposed Cure Costs as set forth herein shall be deemed proper, due, timely, good, and sufficient notice of, among other things, the proposed Cure Costs for the Contracts and potential assumption and assignment of the Contracts, and the procedures for objecting thereto, and no other or further notice is necessary.

19. Any counterparty to a Contract listed on the Notice of Cure Proposed Costs to the proposed Cure Costs may file an objection (a "<u>Cure Cost Objection</u>"), which must (a) state, with specificity, the legal and factual basis for the objection as well as what Cure Costs are required, if any, (b) include appropriate documentation in support thereof, and (c) be filed and served on the Objection Recipients no later than the Objection Deadline, March 2, 2020 at 5:00 p.m. (prevailing Central Time).

20. If a Cure Cost Objection is not consensually resolved before the Sale Hearing, the amount to be paid or reserved with respect to such objection shall be determined at the Sale Hearing, or such later date that the Debtor determines in its discretion, or such other date determined by this Court.

21. After the conclusion of the Auction, the Debtor shall post on their Case Website and file on the docket, but not serve, a list of the executory contracts and unexpired leases that the Successful Bidder and the Backup Bidder seek to have assumed and assigned (the "Designated Contracts").  If a counterparty to a Designated Contract objects to the assignment of a Designated Contract (other than on account of the amount of the proposed Cure Costs) or whether the Successful Bidder or the Backup Bidder can provide adequate assurance of future performance, that counterparty must file an Adequate Assurance Objection on or before the Objection Deadline (in accordance with the requirements set forth below), and such objections shall be determined at the Sale Hearing, such later date that the Debtor determines in its discretion, or such other date determined by this Court.

22. Absent the filing of a Cure Cost Objection or an Adequate Assurance Objection and a subsequent order of the Court establishing an alternative Cure Cost, the Cure Costs, if any, set forth in the Notice of Proposed Cure Costs shall be controlling, notwithstanding anything to the contrary in any Contract or any other document, and the counterparty to the Designated Contract will be deemed to have consented to the assumption, assignment, and sale of the Designated Contract and the Cure Costs, if any, and will be forever barred from asserting any other claims related to such Designated Contract against the Debtor or the applicable Successful Bidder, or the property of any of them.  Any objections to a Successful Bidder's proposed form of adequate assurance of future performance must be raised prior to the Objection Deadline and will be resolved at the shall be determined at the Sale Hearing, such later date that the Debtor determines in its discretion, or such other date determined by this Court.

23. The inclusion of a Contract on the Notice of Proposed Cure Costs will not (a) obligate the Debtor to assume any Contract listed thereon nor the Successful Bidder to take

assignment of such Contract or (b) constitute any admission or agreement of the Debtor that such Contract is an "executory" contract. Only those Contracts that are included on a schedule of assumed and assigned contracts attached to the final purchase agreement with the Successful Bidder (each, an "Acquired Contract") will be assumed and assigned to the Successful Bidder.

**E.    The Sale Hearing**

24.    A Sale Hearing to (a) approve a sale of a portion or substantially all of the Assets to the Successful Bidder and (b) authorize the assumption and assignment of certain executory contracts and unexpired leases shall be held on March 6, 2020 at 10:00 a.m. (prevailing Central Time), and may be adjourned or rescheduled with notice. At the Sale Hearing, the Debtor will seek Bankruptcy Court approval of the Successful Bid and the Backup Bids. Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction. In the event that the Successful Bidder cannot or refuses to consummate the Sale, the Debtor may designate the Backup Bidder as the new Successful Bidder and the Debtor shall be authorized, but not required, to close with the Backup Bidder on the Backup Bid without further order of the Court.

25.    All objections, if any, to the proceedings of the Auction, the Sale, the Successful Bidders' revisions to the Form Purchase Agreement, the Proposed Sale Order, the identity of the Successful Bidder and its ability to provide adequate assurance of future performance under section 365 of the Bankruptcy Code, or entry of the Sale Order (collectively, the "Objections") must be filed by March 2, 2020 at 5:00 p.m. (prevailing Central Time) (the "Objection Deadline") and served on the Objection Recipients. All replies to any Objections must be filed by March 5, 2020 (the "Reply Deadline"). Any party failing to timely file an Objection by the Objection Deadline will be forever barred from objecting and will be deemed to have consented to any Sale, including the transfer of the Debtor's right, title, and interest in, to, and under the Assets, free and

clear of any and all liens, claims, interests, and encumbrances in accordance with a final purchase agreement for any Sale.

**F.      Other Provisions**

26.    The Debtor is authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Order.

27.    This Order shall be binding on and inure to the benefit of the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor.

28.    This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

29.    To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in this case, the terms of this Order shall govern.

30.    To the extent any of the deadlines set forth in this Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Order shall govern.

31.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

32.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Bidding Procedures, and the implementation of this Order.

Signed on 1/13/2020

*Brenda T. Rhoades*    SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE