**EOD**

03/06/2020

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| NUVECTRA CORPORATION,[1] | § | Case No. 19-43090 |
| | § | |
| Debtor. | § | |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT WITH RESPECT TO PLAN OF LIQUIDATION OF NUVECTRA CORPORATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE; (II) APPROVING FORM OF BALLOT AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN OF LIQUIDATION; (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; (V) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO THE PLAN OF LIQUIDATION; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE PLAN OF LIQUIDATION OF NUVECTRA CORPORATION**

CAME ON to be considered the *Motion for Entry of an Order (I) Approving the Disclosure Statement with Respect to Plan of Liquidation of Nuvectra Corporation Under Chapter 11 of the Bankruptcy Code; (II) Approving Form of Ballot and Proposed Solicitation and Tabulation Procedures for the Plan of Liquidation; (III) Prescribing the Form and Manner of Notice Thereof; (IV) Establishing Procedures for (A) Voting in Connection with the Plan Confirmation Process and (B) Temporary Allowance of Claims Related Thereto; (V) Establishing Deadline for Filing Objections to the Plan of Liquidation; and (VI) Scheduling a Hearing to Consider Confirmation of Plan of Liquidation of Nuvectra Corporation* (the "Motion"),[2] which was filed by the above-captioned debtor and debtor in possession (the "Debtor"); and the Court having jurisdiction to consider the Motion and the relief requested

---

[1] The last four digits of the Debtor's federal tax identification number are: 3847. The location of the Debtor's principal place of business and the service address for the Debtor is: 5830 Granite Parkway, Suite 1100, Plano, TX 75024.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

therein pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having filed with the Court the Disclosure Statement and the Plan; and due and adequate notice of the Motion having been given in accordance with Bankruptcy Rules 2002 and 3017; and it appearing that no other or further notice need be given; after due deliberation thereon, the Court having determined, for the reasons stated in the Motion and based on the record in this Chapter 11 Case and at the hearing held in consideration of the same, that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore:

**THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES THAT:[3]**

A.      The Bankruptcy Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Chapter 11 Case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.      Notice of the Disclosure Statement was proper and the objection and hearing dates with respect to the Disclosure Statement comply with the notice requirements of Bankruptcy Rule 2002(b).

C.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

---

[3]This Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

D.      The Solicitation Procedures, which are incorporated herein by reference, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018(a).

E.      The materials to be provided in the Solicitation Packages satisfy the requirements of Bankruptcy Rule 3017(d).

F.      The form of Ballot, in substantially the form annexed hereto as **Exhibit 2**, is sufficiently consistent with Official Form No. 14, with appropriate modifications to address the particular needs of the Chapter 11 Case, and are appropriate for soliciting votes from Holders of Claims in the Voting Classes.

G.      The period, set forth below, during which the Debtor may solicit acceptances to the Plan is a reasonable period of time for Holders of Claims in Voting Classes to make an informed decision to accept or reject the Plan.

**NOW THEREFORE, IT IS HEREBY ORDERED**

1.      The Disclosure Statement is approved as set forth herein.

2.      The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017(b), and is hereby approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code.

3.      The Debtor has provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017.

4.      The Plan and Disclosure Statement provide Creditors and other parties in interest with sufficient notice regarding the injunction, exculpation, and release provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

5.      Any objections to approval of the Disclosure Statement that were not withdrawn at or prior to the hearing to consider approval of the Disclosure Statement are overruled.

6.      The Solicitation Procedures, which are incorporated herein by reference, are hereby approved.

7.      The procedures for distribution of the Solicitation Packages as set forth in this Order and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and KCC is directed to distribute or cause to be distributed Solicitation Packages to all those parties entitled to vote to accept or reject the Plan.

8.      The form of Ballot, substantially in the form attached hereto as **Exhibit 2** is hereby approved.

9.      Pursuant to Bankruptcy Rule 3017(a), a Solicitation Package need not be provided to (i) the Holders of Claims in Non-Voting Classes and (ii) the Holders of Claims that are not classified under the Plan.

10.     The form of the Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 1**, is hereby approved.

11.     The Debtor shall be excused from mailing Solicitation Packages to those persons to whom the Debtor mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that such notice was undeliverable.

12.     All votes to accept or reject the Plan must be cast by using the appropriate Ballot.

13.     All Ballots must be properly executed, completed and delivered by: (a) first class mail; (b) overnight courier; or (c) personal delivery, so that the Ballots are actually received, by KCC no later than the Voting Deadline at the return address set forth in the applicable Ballot.

14.     **In accordance with Bankruptcy Rule 3017(c), the Voting Deadline, for voting on the Plan, shall be 5:00 p.m. (prevailing Central Time) on April 13, 2020.**

15.     **In accordance with Bankruptcy Rules 3020(b) and 9006(c)(1), the Plan Objection Deadline, for filing objections to the Plan ("<u>Plan Objections</u>"), shall be 5:00 p.m. (prevailing Central Time) on April 8, 2020 (the "<u>Plan Objection Deadline</u>").**    Plan Objections shall (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "<u>Administrative Procedures</u>") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txeb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so that they are actually received no later than the Plan Objection Deadline, by: (a) Counsel for the Debtor, Norton Rose Fulbright US LLP (Attn: Ryan Manns), 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201-7932, ryan.manns@nortonrosefulbright.com; (b) counsel for the Creditors' Committee, (i) Barnes & Thornburg LLP (Attn: Connie Lahn and Peter Clark), 225 South Sixth Street, Suite 2800, Minneapolis, Minnesota 55402, connie.lahn@btlaw.com and peter.clark@btlaw.com, and (ii) Thompson & Knight LLP (Attn: Demetra Liggins), 811 Main Street, Suite 2500, Houston, Texas 77002, demetra.liggins@tklaw.com; and (c)  the Office of the United States Trustee, U.S. Department of

Justice (Attn: Marc Salitore), 110 N. College Avenue, Suite 300, Tyler, Texas 75702,
marc.f.salitore@usdoj.gov.

16.     **In accordance with Bankruptcy Rule 3018(c), the Confirmation Hearing
shall commence on April 17, 2020, at 2:00 p.m. (prevailing Central Time)**, before The
Honorable Brenda T. Rhoades, United States Bankruptcy Court Eastern District of Texas, 660
North Central Expressway, Suite 300B, Plano, TX 75074.  The Confirmation Hearing may be
continued from time to time without further notice other than adjournments announced in open
court.

17.     The form of the Confirmation Hearing Notice, substantially in the form attached
hereto as **Exhibit 3**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d) and
3017(d) and is hereby approved.

18.     The terms of this Order shall be binding upon the Debtor, all Holders of Claims
and Equity Interests, and any trustees appointed under chapter 7 or chapter 11 of the Bankruptcy
Code relating to the Debtor, and all other parties in interest.

19.     All time periods set forth in this Order shall be calculated in accordance with
Bankruptcy Rule 9006.

20.     The Debtor is authorized to take all actions necessary to effectuate the relief
granted pursuant to this Order.

21.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062,
9014, or otherwise, the terms and conditions of this Order shall be immediately effective and
enforceable upon its entry.

22.    This Bankruptcy Court shall retain jurisdiction, even after the closing of the Chapter 11 Case, with respect to all matters arising from or related to the implementation of this Order.

Signed on 3/6/2020

*Brenda T. Rhoades*                     SR    —

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

### ### END OF ORDER ###

**Exhibit 1**

**Notice of Non-Voting Status**

Ryan E. Manns (TX Bar No. 24041391)
Toby L. Gerber (TX Bar No. 07813700)
Laura L. Smith (TX Bar No. 24066039)
Shivani P. Shah (TX Bar No. 24102710)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

*Counsel for the Debtor and Debtor In Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| NUVECTRA CORPORATION,[1] | § | Case No. 19-43090 |
| | § | |
| Debtor. | § | |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO
CLASSES DEEMED TO EITHER ACCEPT OR REJECT THE PLAN**

**PLEASE TAKE NOTICE** that on January 29, 2020, the above-captioned debtor and debtor in possession (the "Debtor"), filed the *Disclosure Statement for Plan of Liquidation of Nuvectra Corporation Under Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "Disclosure Statement") and the *Plan of Liquidation of Nuvectra Corporation Under Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "Plan"). On [  ], 2020, the Honorable Brenda T. Rhoades, United States Bankruptcy Judge for the Eastern District of Texas (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") [Dkt. No. ], among other things, (a) approving the Disclosure Statement, (b) approving certain related notice procedures and other procedures for the solicitation and tabulation of votes to accept or reject the Plan, and (c) scheduling a hearing for confirmation of the Plan (the "Confirmation Hearing"). The Debtor is using the Disclosure Statement in connection with the solicitation of acceptances of the Plan from the Holders of certain impaired Claims against the Debtor who are entitled to vote to accept or reject the Plan.

**UNDER THE TERMS OF THE PLAN, YOU ARE EITHER DEEMED TO ACCEPT THE PLAN OR DEEMED TO REJECT THE PLAN, AND THEREFORE, PURSUANT TO SECTIONS 1126(f) AND (g) OF THE UNITED STATES BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE EITHER ACCEPTED OR REJECTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR EQUITY INTEREST(S), YOU SHOULD CONTACT COUNSEL FOR THE DEBTOR, NORTON**

---

[1] The last four digits of the Debtor's federal tax identification number are: 3847. The location of the Debtor's principal place of business and the service address for the Debtor is: 5830 Granite Parkway, Suite 1100, Plano, TX 75024.

**ROSE FULBRIGHT US LLP, 2200 ROSS AVENUE, SUITE 3600, DALLAS, TEXAS 75201-7932, ATTN: RYAN E. MANNS, TELEPHONE NO. (214) 855-8000. ALTHOUGH YOU ARE NOT ENTITLED TO VOTE ON THE PLAN WITH RESPECT TO YOUR CLAIM(S) OR EQUITY INTEREST(S), YOU ARE A PARTY IN INTEREST IN THE DEBTOR'S CHAPTER 11 CASE. ACCORDINGLY, YOU ARE ENTITLED TO PARTICIPATE IN THE CHAPTER 11 CASE, INCLUDING BY FILING OBJECTIONS TO CONFIRMATION OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE** that Article 9 of the Plan contains certain release, exculpation, and injunction language. You should read the provisions contained in Article 9 of the Plan very carefully so that you understand how confirmation and consummation of the Plan will affect you and any Claim, Equity Interest, right, or action you may have against the Debtor. **THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTOR TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED UNDER THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE AND BY ALL OTHER APPLICABLE LAWS.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing will commence on April 17, 2020 at 2:00 p.m. (prevailing Central Time), or as soon thereafter as counsel can be heard, before the Honorable Brenda T. Rhoades, United States Bankruptcy Judge for the Eastern District of Texas, United States Bankruptcy Court Eastern District of Texas, 660 North Central Expressway, Suite 300B, Plano, TX 75074 (the "Bankruptcy Court"). The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified pursuant to 11 U.S.C. § 1127 prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has established April 8, 2020 at 5:00 p.m. (prevailing Central Time) as the deadline for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). To be considered by the Bankruptcy Court, any objections to the Plan must (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txeb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be actually received by the Objection Deadline and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (a) Counsel for the Debtor, Norton Rose Fulbright US LLP (Attn: Ryan Manns), 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201-7932, ryan.manns@nortonrosefulbright.com; (b) counsel for the Creditors' Committee, (i) Barnes & Thornburg LLP (Attn: Connie Lahn and Peter Clark), 225 South Sixth Street, Suite 2800, Minneapolis, Minnesota 55402, connie.lahn@btlaw.com and peter.clark@btlaw.com, and (ii) Thompson & Knight LLP (Attn: Demetra Liggins), 811 Main Street, Suite 2500, Houston,

Texas 77002, demetra.liggins@tklaw.com; and (c) the Office of the United States Trustee, U.S. Department of Justice (Attn: Marc Salitore), 110 N. College Avenue, Suite 300, Tyler, Texas 75702, marc.f.salitore@usdoj.gov.

        **PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or the Solicitation Procedures Order may request such copies by (a) accessing the Bankruptcy Court's website at http://www.txeb.uscourts.gov; (b) contacting the Office of the Clerk of the Court, United States Bankruptcy Court Eastern District of Texas, 660 North Central Expressway, Suite 300B, Plano, TX 75074; (c) contacting Kurtzman Carson Consultants LLC ("KCC") at 1-888-201-2205 (US and Canada) or 1-310-751-1839 (outside the US and Canada), or via e-mail at NuvectraInfo@kccllc.com; or (d) accessing the case website maintained by KCC, available at http://www.kccllc.net/nuvectra. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated: [      ], 2020
      Dallas, Texas

**NORTON ROSE FULBRIGHT US LLP**

By: _/s/ Ryan E. Manns_
Ryan E. Manns (Texas Bar No. 24041391)
Toby L. Gerber (Texas Bar No. 07813700)
Laura L. Smith (Texas Bar No. 24066039)
Shivani P. Shah (Texas Bar No. 24102710)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email: ryan.manns@nortonrosefulbright.com
toby.gerber@nortonrosefulbright.com
laura.smith@nortonrosefulbright.com
shivani.shah@nortonrosefulbright.com

***Counsel for the Debtor and Debtor in Possession***

**Exhibit 2**

**Form of Ballot**

Ryan E. Manns (TX Bar No. 24041391)
Toby L. Gerber (TX Bar No. 07813700)
Laura L. Smith (TX Bar No. 24066039)
Shivani P. Shah (TX Bar No. 24102710)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

*Counsel for the Debtor and Debtor In Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| NUVECTRA CORPORATION,[1] | § | Case No. 19-43090 |
| | § | |
| Debtor. | § | |

## BALLOT FOR VOTING TO ACCEPT OR REJECT PLAN OF LIQUIDATION
## OF NUVECTRA CORPORATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

## CLASS [ NO. ] – [CLASS DESCRIPTION]

On January 29, 2020, Nuvectra Corporation (the "Debtor") filed the *Plan of Liquidation of Nuvectra Corporation Under Chapter 11 of the Bankruptcy Code* (as the same may be amended, modified, or supplemented from time to time, the "Plan"). On [   ], 2020 the Court approved the *Disclosure Statement for Plan of Liquidation of Nuvectra Corporation Under Chapter 11 of the Bankruptcy Code* (as the same may be amended, modified, or supplemented from time to time, the "Disclosure Statement") with respect to the Plan. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Debtor is soliciting votes on the Plan, which is attached as Exhibit 1 to the Disclosure Statement. This ballot (the "Ballot") is being sent to you because records indicate that you are the Holder of a Class [●] Claim as of the [   ], 2020 (the "Record Date") and, accordingly, you have a right to vote to accept or reject the Plan.  This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  If you do not have a Disclosure Statement, you may obtain a copy from Kurtzman Carson Consultants LLC ("KCC") at 1-888-201-2205 (US and Canada), 1-310-751-1839 (outside the US and Canada), or via e-mail at NuvectraInfo@kccllc.com, or you may view or download a copy from http://www.kccllc.net/nuvectra.

**YOU SHOULD REVIEW THE PLAN AND THE DISCLOSURE STATEMENT AND THE ATTACHED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

---

[1] The last four digits of the Debtor's federal tax identification number are: 3847. The location of the Debtor's principal place of business and the service address for the Debtor is: 5830 Granite Parkway, Suite 1100, Plano, TX 75024.

Nuvectra Corporation
Ballot for Class [Number & Description]

**You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold Claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**The Voting Deadline is 5:00 p.m. (prevailing Central Time) on April 13, 2020, and for your vote to count, your properly executed Ballot must be received by KCC by the Voting Deadline.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**Item 1.    Amount of Class [●] Claim for Voting.**

The undersigned certifies that as of [   ], 2020, the Record Date, the undersigned was the Holder of Class [●] Claim(s) in the following aggregate amount.[2]

$_____

**Item 2.    Vote to accept or to reject the Plan.**

The undersigned Holder of the Claim set forth in Item 1 votes as follows - (**check one box only – if you do not check a box, or if you check both boxes, your vote will not be counted**):

❑    Accept the Plan

❑    Reject the Plan

**Item 3.  Optional Release Election.**

Article 9 of the Plan contains certain release, exculpation, and injunction language. You should read the provisions contained in Article 9 of the Plan very carefully so that you understand how confirmation and consummation of the Plan will affect you and any Claim, Equity Interest, right, or action you may have against the Debtor. Item 3 is to be completed only if you voted to reject the Plan and wish to opt out of granting the releases. If you voted to reject the Plan and submit your Ballot without checking the box below, you will be deemed to consent to the releases contained to the fullest extent permitted by applicable law.

**The undersigned Holder of the Claim(s) set forth in Item 1 hereby:**

❑    **Elects to opt-out / not grant the Releases** contained in Article 9 of the Plan.

---

[2] For voting purposes only; subject to tabulation rules.

**BALLOT FOR VOTING TO ACCEPT OR REJECT PLAN OF LIQUIDATION OF NUVECTRA CORPORATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE – Page 2**

Nuvectra Corporation
Ballot for Class [Number & Description]

**Item 4**.    **Acknowledgements and Certification.** By returning this Ballot the undersigned Holder of the Claim(s) identified in Item 1 above (a) acknowledges that it has been provided with a copy of the Disclosure Statement and the Plan, including all exhibits thereto; (b) certifies that (i) it is the owner and Holder of the Claim(s) identified in Item 1 above, and/or (ii) it has full power and authority to vote to accept or reject the Plan in the name of the owner and Holder of the Claim(s) identified in Item 1 above;

Print or Type Name of Claimant:_____

Signature:_____

Name of Signatory
(if different than claimant):_____

If by Authorized Signatory or Agent,
Title of Signatory or Agent:_____

Street Address:_____

City, State and Zip Code:_____

Telephone Number:_____

Email Address: _____

Date Completed:_____

**FOR YOUR VOTE TO COUNT, YOUR SIGNED AND DATED BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS
5:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 13, 2020.**

**Return your Ballot in the envelope provided or to:**

| If by regular mail: | If by messenger or overnight delivery: |
|---|---|
| **Nuvectra Ballot Processing Center**<br>**c/o KCC**<br>**222 N. Pacific Coast Highway Suite 300**<br>**El Segundo, CA 90245** | **Nuvectra Ballot Processing Center**<br>**c/o KCC**<br>**222 N. Pacific Coast Highway Suite 300**<br>**El Segundo, CA 90245** |

**BALLOTS SHOULD *NOT* BE SENT TO THE DEBTOR OR ITS ATTORNEYS.
BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL *NOT* BE COUNTED.**

**If you have any questions regarding this Ballot or these instructions, or if you did not receive a copy of the Disclosure Statement or the Plan, or if you need additional copies of the enclosed materials, please contact KCC at 1-888-201-2205 (US and Canada), 1-310-751-1839 (outside the US and Canada) or via e-mail at NuvectraInfo@kccllc.com.**

## VOTING INFORMATION AND
## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  The Ballot does not constitute and shall not be deemed a proof of claim or an assertion of a Claim.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually <u>received</u> by the 5:00 p.m. (prevailing Central Time) on April 13, 2020, the Voting Deadline.  Ballots will not be accepted by email, facsimile or other electronic means.

Return your Ballot in the envelope provided or to:

| If by regular mail: | If by messenger or overnight delivery: |
|---|---|
| **Nuvectra Ballot Processing Center c/o KCC 222 N. Pacific Coast Highway Suite 300 El Segundo, CA 90245** | **Nuvectra Ballot Processing Center c/o KCC 222 N. Pacific Coast Highway Suite 300 El Segundo, CA 90245** |

4.  The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot, or Ballot not bearing an original signature; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

5.  If a Claim Holder casts a Ballot and the entirety of such Creditor's Claim is the subject of an objection to said Claim filed before the Voting Deadline, such Ballot shall not be counted.  If a voter casts a Ballot and part of such voter's Claim is the subject of an objection filed before the Voting Deadline, the Debtor requests that such voter's Ballot be treated as a Claim for voting purposes only to the extent of the remaining amount of the Claim not subject to any objection.  In either case, if a voter desires to vote in a higher amount, the voter may seek authority from the Court to do so following notice and a hearing, pursuant to Bankruptcy Rule 3018(a).

6.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot received by KCC before the Voting Deadline (as determined by KCC) will be deemed to reflect your intent either to accept or reject the Plan.

7.  You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan, you may not split your vote.

8.  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another acting in a fiduciary or representative capacity, such persons should indicate such capacity when signing and, on request of the Debtor and prior to the Ballot being counted, such signatory must submit proper evidence satisfactory to the Debtor of its authority to act on behalf of a Holder of Claims.

9.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however,* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

Nuvectra Corporation
Ballot for Class [Number & Description]

10.      If you hold Claims in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.      If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtor) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

12.      Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt), and revocation or withdrawal of ballots will be determined by the Debtor in their discretion, which determination shall be final and binding.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**If you have any questions regarding this Ballot or these instructions, or if you did not receive a copy of the Disclosure Statement or the Plan, or if you need additional copies of the enclosed materials, please contact KCC at 1-888-201-2205 (US and Canada), 1-310-751-1839 (outside the US and Canada), or via e-mail at NuvectraInfo@kccllc.com.**

**Exhibit 3**

**Confirmation Hearing Notice**

Ryan E. Manns (TX Bar No. 24041391)
Toby L. Gerber (TX Bar No. 07813700)
Laura L. Smith (TX Bar No. 24066039)
Shivani P. Shah (TX Bar No. 24102710)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

*Counsel for the Debtor and Debtor In Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| NUVECTRA CORPORATION,[1] | § | Case No. 19-43090 |
| | § | |
| Debtor. | § | |

**NOTICE OF CONFIRMATION HEARING AND
DEADLINE FOR OBJECTING TO CONFIRMATION**

    **PLEASE TAKE NOTICE** that, on January 29, 2020, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Disclosure Statement for Plan of Liquidation of Nuvectra Corporation Under Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "Disclosure Statement") and the *Plan of Liquidation of Nuvectra Corporation Under Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "Plan"). On [  ], 2020, the Honorable Brenda T. Rhoades, United States Bankruptcy Judge for the Eastern District of Texas (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") [Dkt. No. ], among other things, (a) approving the Disclosure Statement, (b) approving certain related notice procedures and other procedures for the solicitation and tabulation of votes to accept or reject the Plan, and (c) scheduling a hearing for confirmation of the Plan.

**HEARING ON CONFIRMATION OF THE PLAN**

    The hearing to confirm the Plan ("Confirmation Hearing") will commence on April 17, 2020 at 2 p.m. (prevailing Central Time), or as soon thereafter as counsel can be heard, before the Honorable Stacey Brenda T. Rhoades, United States Bankruptcy Judge for the Eastern District of Texas, United States Bankruptcy Court Eastern District of Texas, 660 North Central Expressway, Suite 300B, Plano, TX 75074.  The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified pursuant to 11 U.S.C. § 1127 prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in

---

[1] The last four digits of the Debtor's federal tax identification number are: 3847. The location of the Debtor's principal place of business and the service address for the Debtor is: 5830 Granite Parkway, Suite 1100, Plano, TX 75024.

**NOTICE OF CONFIRMATION HEARING AND DEADLINE FOR OBJECTING TO CONFIRMATION - Page 1**

interest.

**THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTOR TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED UNDER THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE AND BY ALL OTHER APPLICABLE LAW. CONFIRMATION OF THE PLAN COULD AFFECT ANY RIGHTS THAT YOU MAY HAVE AGAINST THE DEBTOR AND OTHER PARTIES.**

## VOTING DEADLINE AND VOTING INFORMATION

The Bankruptcy Court has fixed April 13, 2020 at 5:00 p.m. (prevailing central time) as the deadline by which Ballots accepting or rejecting the Plan must be received by KCC. Any party that is entitled to vote on the Plan will receive a Ballot with this notice, and in order to be counted as a vote to accept or reject the Plan, that Ballot must be completed and returned according to the instructions set forth therein.

## OBJECTION DEADLINE AND PROCEDURES
## FOR FILING OBJECTIONS TO THE PLAN

The Bankruptcy Court has established April 8, 2020 at 5:00 p.m. (prevailing Central Time) as the deadline for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). Objections not timely filed and served will be overruled by the Bankruptcy Court.

To be considered by the Bankruptcy Court, any objections to the Plan must (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txeb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be actually received not later than 5:00 p.m. (prevailing Central Time) on April 8, 2020 (the "Objection Deadline") and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (a) Counsel for the Debtor, Norton Rose Fulbright US LLP (Attn: Ryan Manns), 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201-7932, ryan.manns@nortonrosefulbright.com; (b) counsel for the Creditors' Committee, (i) Barnes & Thornburg LLP (Attn: Connie Lahn and Peter Clark), 225 South Sixth Street, Suite 2800, Minneapolis, Minnesota 55402, connie.lahn@btlaw.com and peter.clark@btlaw.com, and (ii) Thompson & Knight LLP (Attn: Demetra Liggins), 811 Main Street, Suite 2500, Houston, Texas 77002, demetra.liggins@tklaw.com; and (c) the Office of the United States Trustee, U.S. Department of Justice (Attn: Marc Salitore), 110 N. College Avenue, Suite 300, Tyler, Texas 75702, marc.f.salitore@usdoj.gov.

## INFORMATION AND DOCUMENTS

Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or the Solicitation Procedures Order, may request such copies by (a) accessing the Bankruptcy Court's website at http://www.txeb.uscourts.gov; (b) contacting the Office of the Clerk of the Court, United States Bankruptcy Court Eastern District of Texas, 660 North Central Expressway, Suite 300B, Plano, TX 75074; (c) contacting Kurtzman Carson Consultants LLC ("KCC") at 1-888-201-2205 (US and Canada) or 1-310-751-1839 (outside the US and Canada), or via e-mail at NuvectraInfo@kccllc.com; or (d) accessing the case website maintained by KCC, available at http://www.kccllc.net/nuvectra.  Note that a PACER password is needed to access documents on the Bankruptcy Court's website.


Dated: [        ], 2020
      Dallas, Texas

**NORTON ROSE FULBRIGHT US LLP**

By: _/s/ Ryan E. Manns_
Ryan E. Manns (Texas Bar No. 24041391)
Toby L. Gerber (Texas Bar No. 07813700)
Laura L. Smith (Texas Bar No. 24066039)
Shivani P. Shah (Texas Bar No. 24102710)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email:  ryan.manns@nortonrosefulbright.com
toby.gerber@nortonrosefulbright.com
laura.smith@nortonrosefulbright.com
shivani.shah@nortonrosefulbright.com

***Counsel for the Debtor and Debtor in Possession***